CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Ronald H. Bae (SBN 186826); Joseph Cho (SBN 198844); Travis Hodgkins (SBN 262063); Autumn E. Love (SBN 274209) Aequitas Law Group APLC, 500 S. Grand Avenue, Suite 1310 Los Angeles, CA 90071<br>TELEPHONE NO.: (213) 223-7144   FAX NO.: (213) 223-7098<br>ATTORNEY FOR (Name): Plaintiff JODI SCOTT-GEORGE | **FILED** *AMENDED*<br>JAN 29 2013<br>Superior Court of the State of California County of Nevada |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NEVADA COUNTY
STREET ADDRESS: 201 Church Street, Suite 5
MAILING ADDRESS: 201 Church Street, Suite 5
CITY AND ZIP CODE: Nevada City, CA 95959
BRANCH NAME: Nevada City Branch

CASE NAME: SCOTT-GEORGE v. PVH CORPORATION, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 79345 |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 7
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: January 28, 2013

Autumn E. Love
(TYPE OR PRINT NAME)                                    ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| ATTORNEY OR PARTY WITHOUT AN ATTORNEY (name, address, phone and fax number) | For Court Use Only |
|---|---|
| BAR NO.:<br>ATTORNEY FOR (name):<br>Superior Court of California, County of Nevada<br>201 Church Street, Suite 5<br>Nevada City, CA 95959 | **FILED**<br>JAN 29 2013<br>A. MENDEZ<br>Superior Court of the<br>State of California<br>County of Nevada |
| PLAINTIFF: JODI SCOTT-GEORGE | |
| DEFENDANT: PVH CORPORATION | |
| NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDICIAL OFFICER | CASE NUMBER<br>CU13-079345 |

NOTICE is given that the within action has been assigned for all purposes to the HONORABLE SEAN P. DOWLING and that a Case Management Conference has been scheduled as follows:

| Date: 07/29/2013 | Time: 9:00 a.m. | Dept. 6 | Rm: 3rd Floor |
|---|---|---|---|

Location: Nevada County Courthouse, 201 Church Street, Nevada City, CA 95959

*The hearing set in this notice does not eliminate your obligation to file a response to the complaint as specified on the summons. Failure to do so may result in a default judgment.*

- You must file and serve a completed Case Management Statement form CM-110 AT LEAST FIFTEEN DAYS before the case management conference (California Rule of Court 3.725). Strict compliance with California Rules of Court 3.110 required.

- You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

- At the case management conference the court may make pretrial orders, including the following:
    - Orders establishing discovery schedules and exchange of expert witness information;
    - Referral to judicial arbitration or other alternate dispute resolution with a date of completion;
    - Orders setting subsequent conferences and the trial date;
    - Other orders in furtherance of the Trial Court Delay Reduction Act (Gov. Code §68600 *et seq.*);

- Should the parties comply with California Rules of Court 3.110 and timely file their Case Management Statement, appearance at the case management conference may be waived.

- The court will issue a proposed order on Thursday before the conference. The proposed order will be posted and available under the link "Tentative Rulings" on the court's web site (www.nevadacountycourts.com). For further instructions and information see the Case Management Information Sheet.

- A copy of this Notice must be served on each party with the complaint or other initial pleading, including each new party brought in by way of cross-complaint, complaint in intervention, or other initial pleading.

Dated: JAN 29 2013            by A. MENDEZ
                                 Court Services Assistant
                                 A. Mendez

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PVH CORPORATION, a Delaware Corporation, and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JODI SCOTT-GEORGE, individually, and on behalf of other members of the general public similarly situated,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
JAN 29 2013    A. MENDEZ
Superior Court of the
State of California
County of Nevada

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Nevada County Superior Court

**CASE NUMBER:** *(Número del Caso):* 79345

Nevada City Branch
201 Church Street, Suite 5, Nevada City, CA 95959

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Autumn E. Love; Aequitas Law Group, 500 S. Grand Ave., #1310, Los Angeles, CA 90071; 213-223-7144

**DATE:** JAN 29 2013    Clerk, by A. MENDEZ, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL: SUPERIOR COURT NEVADA COUNTY CALIFORNIA]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: PVH CORPORATION, A DELAWARE CORPORATION
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 4 FEB 13

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Ronald H. Bae (SBN 186826)
Joseph Cho (SBN 198844)
Travis Hodgkins (SBN 262063)
Autumn E. Love (SBN 274209)
**AEQUITAS LAW GROUP**
500 S. Grand Avenue, Suite 1310
Los Angeles, California 90071
Telephone:  (213) 223-7144
Facsimile:  (213) 223-7098

Attorneys for Plaintiff JODI SCOTT-GEORGE

FILED
A. MENDEZ
JAN 29 2013
Superior Court of the
State of California
County of Nevada

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF NEVADA

| | |
|---|---|
| JODI SCOTT-GEORGE, individually, and on behalf of other members of the general public similarly situated, | **Case Number:** |
| | **COMPLAINT** |
| Plaintiff, | (1) Violation of California Labor Code §§ 510, 1194, and 1198 (Failure to Pay Overtime); |
| vs. | (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); |
| PVH CORPORATION, a Delaware Corporation, and DOES 1 through 50, inclusive, | (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); |
| Defendants. | (4) Violation of California Labor Code §§ 201, 202, and 203 (Wages Not Timely Paid Upon Termination); |
| | (5) Violation of California Labor Code § 226(a) (Non-compliant Wage Statements); |
| | (6) Violation of California Labor Code § 227.3 (Forfeiture of vested vacation wages); |
| | (7) Violation of California Business & Professions Code §§ 17200, et seq. |
| | **Jury Trial Demanded** |

-1-
COMPLAINT

Plaintiff, JODI SCOTT-GEORGE, as an individual, alleges as follows:

## THE PARTIES

1. Plaintiff JODI SCOTT-GEORGE ("Plaintiff") is an individual over the age of 18 and was, and is, a resident of the State of California.

2. Defendant PVH CORPORATION was and is, upon information and belief, a Delaware Corporation, formerly known as Phillips-Van Heusen Corporation, and was an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

3. Plaintiff is unaware of the true names or capacities of Defendants sued herein under the fictitious names DOES 1 through 50, but prays for leave to amend and serve such fictitiously named Defendants pursuant to California Code of Civil Procedure § 474 once their names and capacities become known.

4. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 50 are the partners, agents, owners, shareholders, managers or employees of PVH CORPORATION, and were acting on behalf of PVH CORPORATION at all relevant times.

5. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to PVH CORPORATION, and DOES 1 through 50 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent the official policy of Defendants.

6. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

7. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

-2-
COMPLAINT

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

9. This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

10. Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## GENERAL ALLEGATIONS

11. At all material times set forth herein, Defendants employed Plaintiff as a Sales Associates, and later as an Assistant Manager. Both positions were non-exempt positions.

12. Plaintiff was employed by Defendants from on or about August 2009 to on or about August 2010 at Defendants' Truckee, California store.

13. At all material times set forth herein, Defendants consistently failed to properly pay regular, overtime, and double overtime wages to Plaintiff.

14. On January 6, 2010, and February 17, 2010, Plaintiff worked in excess of 12 hours per day. However, Defendants failed to pay Plaintiff at her double overtime rate of pay for her time spent working over 12 hours on each of those days.

15. Plaintiff worked seven or more consecutive days in a row, but Defendants failed to pay Plaintiff at her overtime rate of pay for the work she performed on the seventh consecutive day she worked.

16. January 5, 2010, and January 14, 2010, each constituted the seventh (7th)

-3-
COMPLAINT

consecutive day of work for Plaintiff. Defendants failed to pay Plaintiff at her overtime rate of pay for the first eight hours of work she performed on these days and also failed to pay Plaintiff her double overtime rate of pay for hours worked on these days totaling over eight hours.

17. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

18. Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff was entitled to receive regular and overtime compensation and that they were not receiving regular and overtime compensation.

19. Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff was entitled to receive all compliant meal periods or payment of one additional hour of pay at her regular rate of pay when she did not receive a timely uninterrupted meal period.

20. Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff was entitled to receive all rest periods or payment of one additional hour of pay at her regular rate of pay when a rest period was missed.

21. Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff was entitled to receive all wages due upon discharge or resignation within the applicable time period.

22. Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff was entitled to receive complete and accurate wage statements in accordance with California law.

23. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiff that she was properly denied wages, all in order to increase Defendants' profits.

-4-
COMPLAINT

24. California Labor Code § 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly ... for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510, 1194 and 1198

### (Against all Defendants)

25. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set forth in paragraphs 1 through 24.

26. California Labor Code §§ 1194 and 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at the legal minimum wage and at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

27. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay employees working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

28. The applicable IWC Wage Order further provides that Defendants are and were required to pay employees working more than twelve (12) hours in a day, overtime compensation at a rate of two times their regular rate of pay.

29. California Labor Code § 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

30. During the relevant time period, Plaintiff worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, or in excess of forty (40) hours in a week.

-5-
COMPLAINT

31. On January 6, 2010, and February 17, 2010, Plaintiff worked in excess of 12 hours per day. However, Defendants failed to pay Plaintiff at her double overtime rate of pay for her time spent working over 12 hours on each of those days.

32. During the relevant time period, Plaintiff worked seven (7) consecutive days in a row, but Defendants failed to pay Plaintiff at her overtime rate of pay for the work she performed on the seventh consecutive day she worked.

33. January 5, 2010, and January 14, 2010, each constituted the seventh (7th) consecutive day of work for Plaintiff. Defendants failed to pay Plaintiff at her overtime rate of pay for the first eight hours of work she performed on these days and also failed to pay Plaintiff her double overtime rate of pay for hours worked on these days totaling over eight hours.

34. During the relevant time period, Defendants willfully failed to pay regular and overtime wages owed to Plaintiff.

35. Defendants' failure to pay Plaintiff the unpaid balance of regular wages and overtime compensation, as required by California laws, violates the provisions of California Labor Code §§ 510, 1194 and 1198, and is therefore unlawful.

36. Pursuant to California Labor Code § 1194, Plaintiff is entitled to recover her unpaid regular wages, overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 226.7 and 512(a)

### (Against all Defendants)

37. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set forth in paragraphs 1 through 36.

38. At all times herein set forth, the applicable IWC Wage Order and California Labor Code §§ 226.7 and 512(a) were applicable to Plaintiff's employment by Defendants.

39. At all times herein set forth, California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

40. At all times herein set forth, the applicable IWC Wage Order and California Labor Code § 512(a) provide that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

41. During the relevant time period, Plaintiff, who was scheduled to work for a period of time of six (6) hours, was required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

42. During the relevant time period, Plaintiff worked during meal periods and Defendants failed to compensate Plaintiff for work performed during meal periods.

43. During the relevant time period, Defendants failed to pay Plaintiff the full meal period premium due pursuant to California Labor Code § 226.7.

44. During the relevant time period, Defendants had no policy relating to payment of meal period premiums pursuant to California Labor Code § 226.7.

45. Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code §s 226.7 and 512(a).

46. Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff is entitled to recover from Defendants one additional hour of pay at her regular hourly rate of compensation for each work day that the meal period was not provided.

## THIRD CAUSE OF ACTION

### Violation of California Labor Code § 226.7

(Against all Defendants)

47. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set forth in paragraphs 1 through 46.

48. At all times herein set forth, the applicable IWC Wage Order and California Labor Code § 226.7 was applicable to Plaintiff's employment by Defendants.

-7-
COMPLAINT

49. At all times herein set forth, California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

50. At all times herein set forth, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

51. During the relevant time period, Defendants required Plaintiff to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

52. During the relevant time period, Defendants willfully required Plaintiff to work during rest periods and failed to compensate Plaintiff for work performed during rest periods.

53. During the relevant time period, Defendants failed to pay Plaintiff the full rest period premium due pursuant to California Labor Code § 226.7.

54. During the relevant time period, Defendants had no policy relating to payment of rest period premiums pursuant to California Labor Code § 226.7.

55. Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code § 226.7.

56. Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff is entitled to recover from Defendants one additional hour of pay at her regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201, 202 and 203

### (Against all Defendants)

57. Plaintiff incorporates by reference and re-alleges as if fully stated herein the

-8-
COMPLAINT

material allegations set forth in paragraphs 1 through 56.

58. At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

59. During the relevant time period, Defendants willfully failed to pay Plaintiff, who is no longer employed by Defendants, her wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of her leaving Defendants' employ.

60. Defendants' failure to pay Plaintiff her wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of her leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

61. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

62. Plaintiff is entitled to recover from Defendants the statutory penalty for each day she was not paid, at her regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code § 203.

## FIFTH CAUSE OF ACTION
### Violation of California Labor Code § 226(a)
### (Against all Defendants)

63. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set forth in paragraphs 1 through 62.

64. At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of its employees an accurate itemized wage statement in writing

showing the following information: (1) gross wages earned; (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

65. Defendants have intentionally and willfully failed to provide Plaintiff with complete and accurate wage statements.

66. As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff has suffered injury and damage to her statutorily-protected rights.

67. Specifically, Plaintiff has been injured by Defendants' intentional violation of California Labor Code § 226(a) because she was denied both her legal right to receive, and her protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a). Plaintiff has been injured by Defendants' intentional violation of California Labor Code § 226(a) in that it has caused confusion over whether she had received all of the wages owed her, in addition to her difficulty and expense in reconstructing pay records and making mathematical computations to analyze whether the wages paid her did in fact compensate her for all hours worked.

68. Plaintiff is entitled to recover from Defendants the greater of her actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars.

69. Plaintiff is also entitled to injunctive relief to ensure compliance with this section,

-10-
COMPLAINT

pursuant to California Labor Code § 226(g).

### SIXTH CAUSE OF ACTION

**Violation of California Business & Professions Code §§ 17200, *et seq.***

**(Against all Defendants)**

70. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set forth in paragraphs 1 through 69.

71. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

72. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, et seq.

73. A violation of California Business & Professions Code §§ 17200, et seq. may be predicated on the violation of any state or federal law. In the instant case, Defendants' policy and practice of requiring Plaintiff to work without paying her proper compensation, including overtime premium compensation, violates California Labor Code §§ 510, 1194 and 1198; Defendants' policy and practice of requiring Plaintiff to work through her meal and rest periods without paying her proper compensation violates California Labor Code §§ 226.7 and 512(a); Defendants' policy and practice of not timely paying all wages owed to Plaintiff upon resignation or termination violates California Labor Code §§ 201, 202, and 203; and Defendants' policy and practice of not providing compliant wage statements to Plaintiff violates California Labor Code § 226.

74. Plaintiff has been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money or property.

75. Pursuant to California Business & Professions Code §§ 17200, et seq., Plaintiff is entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff; an award of attorneys' fees pursuant to

California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

### SEVENTH CAUSE OF ACTION

**Violation of California Business & Professions Code § 227.3**

(Against all Defendants)

76. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set forth in paragraphs 1 through 75.

77. At all material times set forth herein, California Labor Code § 227.3 provides that unless otherwise stipulated by a collective bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, all vested vacation must be paid to the employee.

78. Defendants have instituted and administered an unlawful vacation policy by failing to accurately account for the total vacation accrual that Plaintiff was entitled to, which caused forfeiture of earned and vested vacation wages.

79. As a result of Defendants' violation of California Labor Code § 227.3, Plaintiff and other class members have suffered injury and damage to their statutorily-protected rights.

### REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

### PRAYER FOR RELIEF

Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

#### As to the First Cause of Action

1. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510, 1194 and 1198 and applicable IWC Wage Orders by wilfully failing to pay all wages including overtime wages due to Plaintiff;

2. For general unpaid wages at the applicable overtime wage rates and such general

1 and special damages as may be appropriate;

2     3.     For pre-judgment interest on any unpaid wages commencing from the date such
3 amounts were due; and

4     4.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to
5 California Labor Code § 1194(a).

### As to the Second Cause of Action

7     5.     That the Court declare, adjudge and decree that Defendants violated California
8 Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders by wilfully failing to provide all
9 meal periods (including second meal periods) to Plaintiff;

10     6.     That the Court make an award to the Plaintiff of one (1) hour of pay at Plaintiff's
11 regular rate of compensation for each workday that a compliant meal period was not provided;

12     7.     For all actual, consequential, and incidental losses and damages, according to
13 proof;

14     8.     For premiums pursuant to California Labor Code § 226.7(b); and

15     9.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

17     10.     That the Court declare, adjudge and decree that Defendants violated California
18 Labor Code § 226.7 and applicable IWC Wage Orders by wilfully failing to provide all rest
19 periods to Plaintiff;

20     11.     That the Court make an award to the Plaintiff of one (1) hour of pay at Plaintiff's
21 regular rate of compensation for each workday that a compliant rest period was not provided;

22     12.     For all actual, consequential, and incidental losses and damages, according to
23 proof;

24     13.     For premiums pursuant to California Labor Code § 226.7(b); and

25     14.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

27     15.     That the Court declare, adjudge and decree that Defendants violated California
28 Labor Code §§ 201, 202, and 203 by willfully failing to pay Plaintiff all compensation owed to her

-13-
COMPLAINT

at the time of her termination of employment;

16. For all actual, consequential and incidental losses and damages, according to proof;

17. For statutory penalties pursuant to California Labor Code § 203; and

18. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

19. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to Plaintiff, and wilfully failed to provide accurate itemized wage statements thereto;

20. For all actual, consequential and incidental losses and damages, according to proof;

21. For statutory penalties pursuant to California Labor Code § 226(e);

22. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g); and

23. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

24. That the Court declare, adjudge and decree that Defendants violated California Labor Code § 227.3 by instituting a vacation pay forfeiture policy;

25. For all actual, consequential, and incidental losses and damages, according to proof;

26. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Seventh Cause of Action

27. That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, et seq. by failing to pay Plaintiff all wages due to her under California Labor Code §§ 510, 1194, and 1198; failing to pay premium wages for all late, short, or missed meal and rest periods to Plaintiff under California Labor Code §§ 226.7 and 512; failing to timely pay all wages due upon employees' resignation or termination under California Labor Code § 201-203; and failing to provide compliant wage statements under California Labor Code § 226.

28. For restitution of unpaid wages to Plaintiff and prejudgment interest from the day

1 such amount was due and payable;

2     29.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 et seq.;

    30.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

    31.    For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, et seq.; and,

    32.    For such other and further relief as the Court may deem equitable and appropriate.

Dated: January 25, 2013

AEQUITAS LAW GROUP

By: _____
RONALD H. BAE
AUTUMN E. LOVE
Attorneys for Plaintiff JODI SCOTT-GEORGE

-15-
COMPLAINT