UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODI SCOTT-GEORGE, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PHV CORPORATION, a Delaware Corporation,<br><br>Defendant. | No.  2:13-cv-0441 TLN DAD<br><br>ORDER |

On July 25, 2013, the parties submitted a proposed stipulated protective order regarding the use of confidential information for the court's consideration.  That proposed stipulated protective order provides that any documents filed with the Court shall be filed under seal, pursuant to applicable court procedures, and accompanied by a motion to seal, in an envelope marked "CONFIDENTIAL-Filed Under Seal Pursuant to Court Order."  (Proposed Stipulated Protective Order filed July 25, 2013 (Doc. No. 28-115) at 12[1].)  The proposed stipulated protective order, however, fails to reference the applicable Local Rules or comply with the procedures set forth therein.

---

[1] Citations such as this one are to the page number reflected on the court's CMECF system and not to the page number assigned by the parties.

1

All documents filed with the court are presumptively public. See San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). Rule 26 of the Federal Rules of Civil Procedure provides a mechanism by which the parties may, in appropriate circumstances, propose means of protecting the claimed confidentiality of information in certain documents filed in a specific case. FED. R. CIV. P. 26(c). Protective orders pursuant to Rule 26(c) are intended to safeguard the parties and other persons in light of the broad discovery rights authorized in Rule 26(b). United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).

Whether or not a protective order is entered in any case is subject to the discretion of the court. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (holding that Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"); Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) (noting the district court's "broad latitude to grant protective orders to prevent disclosure of materials for many types of information"). A protective order will not be entered absent a showing of good cause. FED. R. CIV. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130-31 (9th Cir. 2003); Phillips, 307 F.3d at 1210 ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.").

A party's desire for a protective order does not constitute good cause to bar the public from access to litigation documents. Rather, the party seeking protection bears the burden of showing specific prejudice or harm, including, with respect to individual documents, particular and specific need for protection. Phillips, 307 F.3d at 1210-11; San Jose Mercury News, 187 F.3d at 1102-03. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1211.

Stipulations and motions for entry of a protective order must (1) show a particularized need for protection as to each individual document or piece of information

1  proposed to be covered by the order, (2) show why the need for protection should be addressed by
2  court order, as opposed to a private agreement between or among parties, and (3) describe the
3  types of documents or information eligible for protection under the order, with the description
4  provided in general terms sufficient to reveal the nature of the types of documents or information.
5  See San Jose Mercury News, 187 F.3d at 1103 (holding that blanket stipulated protective orders
6  "are inherently subject to challenge and modification, as the party resisting disclosure generally
7  has not made a particularized showing of good cause with respect to any individual document");
8  Local Rule 141.1.

9        Here, the Court will not approve an order that fails to reference, or comply with,
10  the procedures relating to the sealing of documents as set forth in Local Rules.  In this regard, the
11  parties are advised that documents that are the subject of a protective order may be filed under
12  seal only if a sealing order is first obtained.  See Local Rule 141.1.  A party seeking to obtain a
13  sealing order shall comply with the provisions of Local Rule 141, which sets forth a specific
14  procedure for seeking a sealing order.  After compliance with Local Rule 141, the court will issue
15  an order granting or denying the request to seal.

16        Moreover, it appears that the parties' proposed stipulated protective order
17  contemplates that the Court shall retain jurisdiction over the enforcement of the stipulated
18  protective order even after this lawsuit terminates.  (Proposed Stipulated Protective Order filed
19  July 25, 2013 (Doc. No. 28-1) at19.)  Local Rule 141.1(f), however, provides that once the Clerk
20  has closed an action, unless otherwise ordered, the Court will not retain jurisdiction over
21  enforcement of the terms of any protective order filed in that action.  In their proposed protective
22  order the parties have not addressed why the Court should deviate from this local rule of court in
23  this case.

24        The parties' request for entry of the proposed stipulated protective order will,
25  therefore, be denied without prejudice to the submission of a stipulated protective order that cures
26  these defects.  The parties may, of course, agree that specific documents to be filed with the court
27  that disclose information derived from documents containing confidential information shall be
28  /////

submitted to the court either in redacted form in conformity with Local Rule 140 or with a request to seal documents and proposed sealing order in conformity with Local Rules 141 and 141.1.

   Accordingly, IT IS ORDERED that the parties' July 25, 2013 request for entry of the proposed stipulated protective order (Doc. No. 28) is denied without prejudice.

Dated: July 30, 2013

<br>

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD:6
Ddad1\orders.civil\george0441.stip.protord.den.doxc