HOGAN LOVELLS US LLP
Dean Hansell (Bar No. 93831)
Asheley G. Dean (Bar No. 245504)
Rachel Patta (Bar No. 273968)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California  90067
Telephone:   (310) 785-4600
Facsimile:    (310) 785-4601
dean.hansell@hoganlovells.com
asheley.dean@hoganlovells.com
rachel.patta@hoganlovells.com

Attorneys for Defendant
PVH Corporation

AEQUITAS LAW GROUP
Ronald H. Bae (Bar No. 186826)
Joseph Cho (Bar No. 198844)
Autumn E. Love (Bar No. 274209)
500 S. Grand Avenue, Suite 1310
Los Angeles, California  90071
Telephone:   (213) 223-7144
Facsimile:    (213) 223-7098
rbae@aequitaslawgroup.com
jcho@aequitaslawgroup.com
alove@aequitaslawgroup.com

Attorneys for Plaintiff Jodi Scott-George

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| Jodi Scott-George, individually and on behalf of other members of the general public similarly situated, | Case No.  2:13-cv-0441-TLN-DAD |
|---|---|
| Plaintiff, | **AMENDED STIPULATED PROTECTIVE ORDER AND ORDER** |

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

AMENDED STIPULATION AND
PROTECTIVE ORDER

\\LA - 039936/000005 - 1059288 v1

1

2    v.

3    PVH Corporation, et al., a Delaware
     Corporation,

4
              Defendant.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

F.R.C.P. 26(c); L.R. 141.1

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES                                    - 2 -        STIPULATION AND PROTECTIVE ORDER
\LA - 039936/000005 - 1051233 v2
\\LA - 039936/000005 - 1059288 v1

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 141.1, Plaintiff Jodi-Scott-George ("Plaintiff") and Defendant PVH Corp. ("Defendant"), through their counsel of record, jointly submit for the Court's approval this Amended Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in this action.

## GOOD CAUSE STATEMENT

It is the intent of the parties and the Court that information not be designated as confidential solely for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case. That intention notwithstanding, the parties anticipate that trade secrets, or confidential, personal or proprietary information, or other information of a sensitive nature that is not generally known or readily accessible to the general public belonging to the parties or third persons will be produced or exchanged during the pendency of the above-captioned litigation. This confidential, private or proprietary information needs protection so that it is not publicly disclosed to the detriment of its owners. Examples of confidential, personal or proprietary information that the parties may seek to protect from unrestricted or unprotected disclosure include:

(a)     Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

(b)     Information related to internal operations and policies, including personnel information;

(c)     Trade secrets (as defined by the California Uniform Trade Secrets Act or by the law of the jurisdiction in which the information is located), or other confidential research, development or commercial information,

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

\\LA - 039936/000005 - 1059288 v1

AMENDED STIPULATION AND
PROTECTIVE ORDER

1    or information of a sensitive nature that is not generally known or

2    readily accessible to the general public; and

3    (d)    Personal identification information.

4    Unrestricted or unprotected disclosure of such confidential, private or

5    proprietary information would result in prejudice or harm to the producing party by

6    revealing the producing party's competitive confidential information, which has

7    been developed at the expense of the producing party and which represents valuable

8    tangible and intangible assets of that party.  Additionally, privacy interests must be

9    safeguarded.

10    Accordingly, the parties respectfully submit that there is good cause for the

11    entry of this Protective Order.

12    The parties agree, subject to the Court's approval, that the following terms

13    and conditions shall apply to this civil action.

14    1.    This Protective Order shall govern the production and handling of

15    documents, data, communications, electronically stored information and

16    documentation associated therewith, answers or responses to interrogatories,

17    requests for documents, requests for admissions, testimony at depositions,

18    associated transcripts and exhibits, pleadings and associated exhibits, other

19    discovery taken pursuant to the Federal Rules of Civil Procedure, and all

20    information and documents, regardless of media, exchanged between the parties, or

21    produced by any third party, whether voluntarily, in response to discovery requests

22    or subpoenas, or otherwise and irrespective of whether the production, answers to

23    written discovery, pleadings or discovery were conducted before or after entry of

24    this Protective Order.

25    2.    "Confidential Information" shall mean and collectively refer to

26    information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

27    pursuant to the terms of this Protective Order.  The designation

28    "CONFIDENTIAL" shall be limited to information, regardless of the form in which

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

\\LA - 039936/000005 - 1059288 v1

AMENDED STIPULATION AND
PROTECTIVE ORDER

1 such information is disclosed, that any disclosing party, including any non-party to

2 this action, in good faith, believes to contain (a) proprietary or commercially

3 sensitive information; (b) information that is the subject of a non-disclosure or

4 confidentiality agreement or obligation; (c) current or past (to the extent they reflect

5 on current) methods, procedures and processes relating to the disclosing party's

6 respective business practices and internal operations and policies; and (d)

7 information, including but not limited to financial information, that should

8 otherwise be subject to confidential treatment.  The designation

9 "CONFIDENTIAL" does not include information or materials available to the

10 public through means other than disclosure by parties or non-parties in violation of

11 this Protective Order.

12       3.      Information to be treated under this Protective Order as Confidential

13 Information shall include:

14           (a)      information furnished voluntarily or set forth in response to

15 discovery requests, provided that the information or responses are plainly marked

16 or otherwise identified by the producing party as "CONFIDENTIAL" or "HIGHLY

17 CONFIDENTIAL," including Confidential Information  retroactively designated as

18 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information as permitted by

19 Sections 19 through 22 of this Protective Order;

20           (b)      information derived from or set forth in documents made

21 available for inspection by the producing party voluntarily or under Rules 26, 33,

22 34 or 36 of the Federal Rules of Civil Procedure, or pursuant to subpoena, and that

23 are identified, at the time of inspection, as comprising Confidential Information;

24           (c)      information derived from or set forth in any copies of

25 documents produced to the discovering party, voluntarily or under Rules 26, 33, 34

26 or 36 of the Federal Rules of Civil Procedure, provided that the copies are marked

27 by the producing party, preferably at the lower edge of each page, as

28 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", including Confidential

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES
\\LA - 039936/000005 - 1059288 v1

AMENDED STIPULATION AND
PROTECTIVE ORDER

1  Information  retroactively designated as "CONFIDENTIAL" or "HIGHLY

2  CONFIDENTIAL" information as permitted by Sections 19 through 22 of this

3  Protective Order;

4       (d)    information revealed by inspection of things or premises,

5  voluntarily or under Rule 34 of the Federal Rules of Civil Procedure provided that,

6  prior to the inspection, the party permitting inspection states in writing that its

7  Confidential Information will be disclosed by the inspection and specifies, in

8  writing, the general nature, categories, or parts of the things, or those general areas

9  of the premises, in which its Confidential Information will be revealed;

10       (e)    information revealed during depositions upon oral examination

11  under Rule 30 of the Federal Rules of Civil Procedure or pursuant to subpoena,

12  except that the information revealed during any particular deposition shall cease to

13  be Confidential Information thirty (30) days after the deposition transcript becomes

14  available, unless before the thirty (30) day period has expired, the witness, his

15  employer or his counsel designates either on the record or in writing that

16  Confidential Information of the witness, or his employer, which is set forth in the

17  transcript, or identifies either on the record or in writing the portions of the

18  transcript that set forth that Confidential Information.  In the case of non-party

19  witnesses, either a party or the non-party witness may designate information

20  revealed as Confidential Information within thirty (30) days after the deposition

21  transcript becomes available.  Information contained in deposition transcripts that

22  became available before the date of entry of this Protective Order may be

23  designated as Confidential Information within thirty (30) days after entry of this

24  Protective Order; and

25       (f)    any summary, digest, analysis or comment on any information

26  identified in categories (a) - (e).

27      4.    Information designated as "CONFIDENTIAL" may be disclosed only

28  to the following persons:

Hogan Lovells US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

AMENDED STIPULATION AND
PROTECTIVE ORDER

\\LA - 039936/000005 - 1059288 v1

1           (a)     a party, or officer, or current employee of a party, who has

2 executed a Certification attached hereto as Exhibit A;

3           (b)     in-house counsel of a named party;

4           (c)     outside counsel representing a named party, including all

5 paralegal assistants, and stenographic and clerical employees working under the

6 supervision of such counsel;

7           (d)     court reporters, videographers, interpreters, translators, copy

8 services, graphic support services, document imaging services and database/coding

9 services retained by counsel to assist with this action;

10           (e)     actual or potential experts or consultants who are retained by

11 any attorney described in Paragraphs 4(b) or (c) to assist with this action, and who

12 execute a Certification attached hereto as Exhibit A;

13           (f)     a person who prepared, received or reviewed the

14 "CONFIDENTIAL" information prior to its production in the above-captioned

15 action;

16           (g)     during depositions and preparation for depositions, a deposition

17 witness who is a current or former employee of the party that produced the

18 applicable document(s), or who appears, based upon the document itself or

19 testimony in a deposition, to have knowledge of the contents of the document

20 designated "CONFIDENTIAL", or the specific events, transactions, discussions or

21 date reflected in the document, provided such witness executes a Certification

22 attached hereto as Exhibit A;

23           (h)     Non-party witnesses or persons to be interviewed in the

24 investigation of the above-captioned matter, to the extent deemed reasonably

25 necessary by counsel to aid in the prosecution, defense or settlement of the above-

26 captioned matter, and provided such witnesses or persons execute a Certification

27 attached hereto as Exhibit A;

28           (i)     any private mediators used in this action; and

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

AMENDED STIPULATION AND
PROTECTIVE ORDER

\\LA - 039936/000005 - 1059288 v1

1    (j)    the Court, and any Special Masters and/or Mediators appointed

2    by the Court.

3    5.    The designation "HIGHLY CONFIDENTIAL" shall be limited to

4    information, regardless of the form in which such information is disclosed, that any

5    disclosing party, including non-parties to this action, in good faith, believes to

6    contain (a) non-public, personal or other Confidential Information relating to or

7    concerning current and/or former employees of any party, including personal

8    identification information; (b) trade secrets (as defined by the California Uniform

9    Trade Secrets Act or by the law of the jurisdiction in which the information is

10   located), or other confidential research, development or commercial information, or

11   information of a sensitive nature that is not generally known or readily accessible to

12   the general public; (c) other "CONFIDENTIAL" information (as defined in

13   Paragraph 2), the disclosure of which is likely to cause competitive or commercial

14   injury to the disclosing party; (d) financial, technological, operational, sales,

15   marketing, pricing and/or other proprietary information relating to any party's

16   business that is not publicly available or known and that would be of benefit to a

17   competitor of the disclosing party; and (e) such other information, documents

18   and/or data within any party's possession, custody or control as to which the

19   disclosing party believes that it has a legal obligation to protect its confidentiality.

20   6.    Information designated "HIGHLY CONFIDENTIAL" may be

21   disclosed only to the following persons:

22   (a)    outside counsel of record, including all paralegal assistants, and

23   stenographic and clerical employees working under the supervision of such

24   counsel;

25   (b)    court reporters, videographers, translators, copy services,

26   graphic support services, document imaging services and database/coding services

27   retained by counsel to assist with this action;

28

Hogan Lovells US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

\\LA - 039936/000005 - 1059288 v1

AMENDED STIPULATION AND
PROTECTIVE ORDER

(c)   potential or actual experts or consultants who (i) are retained by any attorney described in Paragraphs 4(b) and (c) to assist with this matter, and (ii) who execute a Certification attached hereto as Exhibit A;

(d)   a person who prepared, received or reviewed the "HIGHLY CONFIDENTIAL" information prior to its production in the above-captioned matter, with respect to such information only;

(e)   during depositions and preparation for depositions, a deposition witness who is a current or former employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "HIGHLY CONFIDENTIAL" or specific events, transactions, discussions or date reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;

(f)   any private mediators utilized in this action;

(g)   the Court, and any Special Masters and/or Mediators appointed by the Court.

7.   All information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the terms of this Protective Order and disclosed, produced or exchanged in the course of this action shall be used or disclosed solely for the purpose of this action, and in accordance with the provisions of this Protective Order.  Such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall not be used for any business purpose, or in any other litigation or proceeding, or for any other purpose, except as authorized by order of this court.  The foregoing notwithstanding, this Protective Order has no effect on, and shall not extend to, any party's use of its own Confidential Information.

8.   If a party receiving Confidential Information, including, without limitation, its employees, agents or consultants, is compelled to disclose any of a

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

AMENDED STIPULATION AND
PROTECTIVE ORDER

\\LA - 039936/000005 - 1059288 v1

1  disclosing party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

2  information pursuant to applicable law, rule, regulation, court order or subpoena

3  (each a "Requirement"), the receiving party shall promptly notify the disclosing

4  party of any such Requirement, and shall cooperate with the disclosing party to

5  obtain a protective order or other appropriate arrangement pursuant to which the

6  confidentiality of the disclosing party's "CONFIDENTIAL" or "HIGHLY

7  CONFIDENTIAL" information is preserved.  Provided that the

8  producing/disclosing party makes a timely motion or other application for relief

9  from the Requirement in the appropriate forum, the person or party subject to the

10  subpoena, or other request, shall not produce or disclose the requested information

11  without the consent of the disclosing/producing party, or until ordered to do so by a

12  court of competent jurisdiction.  If such an order or arrangement is not obtained, the

13  receiving party shall disclose only that portion of the disclosing party's

14  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information as is required

15  pursuant to such Requirement.  Any such required disclosure shall not change the

16  status of the disclosed information as the disclosing party's "CONFIDENTIAL" or

17  "HIGHLY CONFIDENTIAL" information under the terms of this Protective Order.

18       9.     Counsel shall provide each person to whom they disclose, or give

19  access to, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, a

20  copy of this Protective Order and shall advise each such person of his or her

21  obligation to comply with the terms of the Protective Order.  Each person who has

22  received or been given access to "CONFIDENTIAL" or "HIGHLY

23  CONFIDENTIAL" information pursuant to Paragraphs 4(a), (e), (g) and (h) or

24  Paragraphs 6(c) or (e) shall sign the Certification attached hereto as Exhibit "A."

25  Persons receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

26  information are prohibited from disclosing it to any person, except in conformance

27  with this Protective Order.  The recipient of any "CONFIDENTIAL" or "HIGHLY

28  CONFIDENTIAL" information agrees to subject himself or herself to the

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

AMENDED STIPULATION AND
PROTECTIVE ORDER

\\LA - 039936/000005 - 1059288 v1

1  jurisdiction of this Court for the purposes of any proceedings relating to the

2  performance of, compliance with or violation of this Protective Order.  Counsel

3  shall maintain a file of all executed Certifications pursuant to this Protective Order.

4         10.    The recipient of any "CONFIDENTIAL" or "HIGHLY

5  CONFIDENTIAL" information shall maintain such information in a secure and

6  safe area, and shall exercise due and proper care with respect to the storage,

7  custody, use and/or dissemination of such information.

8         11.    In designating information "CONFIDENTIAL" or "HIGHLY

9  CONFIDENTIAL," the producing or testifying party or person, including third

10  parties, will make such designation only as to that information that it, in good faith,

11  believes is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

12         12.    All or any part of a document, tangible item, discovery response or

13  pleading disclosed, produced or filed by any party or person in the above-captioned

14  matter may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

15  information by the producing or disclosing party or person by marking the

16  appropriate legend on the face of the document and each page so designated.  With

17  respect to tangible items, the appropriate legend shall be marked on the face of the

18  tangible item, if practicable, or by written notice at the time of disclosure,

19  production or filing to the party to which disclosure is made that such tangible item

20  is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Electronically stored

21  information produced in a format that does not permit the disclosing party to affix

22  an appropriate confidentiality legend to each piece of data shall have the

23  appropriate confidentiality designation made in a transmittal letter that accompanies

24  the production of such material and, to the extent practical, the disclosing party

25  shall affix an appropriate legend on the media on which such data is produced.

26         13.    Deposition testimony and exhibits (or portions thereof) of any witness

27  that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

28  shall be labeled as follows:  If any portion of a videotaped deposition is so

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 9 -

AMENDED STIPULATION AND
PROTECTIVE ORDER

\\LA - 039936/000005 - 1059288 v1

designated, the videocassette, other videotape, CD ROM, DVD or other container shall be labeled with the appropriate legend.  For testimony or exhibits designated as Confidential Information after receipt of the deposition transcript, the deponent, his/her counsel or any other designating party shall serve on all counsel a list of the page and line numbers of the deposition transcript containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.  A party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld.  In the event of a dispute as to a request for a shortened time period, the parties shall first try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved within five (5) business days, the party requesting the shortened time period may request appropriate relief from the Court.  The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining a prompt resolution of the dispute.

14.     If a party wishes to file with the Court any documents or pleadings that constitute or contain information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Protective Order, then that party must, prior to filing such documents or pleadings, move the Court for an order sealing such documents or pleadings in compliance with the requirements of Local Rules 140 and 141, which are hereby fully incorporated by reference.

15.     Upon the issuance of an order of the Court sealing documents or pleadings that constitute or contain information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Protective Order, such documents or pleadings shall be submitted to the Clerk in accordance with Local Rules 140(d) and 141(e).

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

AMENDED STIPULATION AND
PROTECTIVE ORDER

\\LA - 039936/000005 - 1059288 v1

16.     At the request of a disclosing party, the Court may limit or restrict any person(s) not permitted access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information from attending any hearing or deposition at which such information is revealed.

17.     Nothing in this Order shall be construed in any way as a finding that information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" actually is Confidential Information.  Any party may object, in writing, to another party's or a non-party's designation by specifying the information at issue and the grounds for questioning the designation.  A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge.  In the event that any party to the above-captioned matter disagrees at any time with the designation by the disclosing party, the parties shall try first to resolve said dispute in good faith on an informal basis. If the parties cannot resolve the dispute within fifteen (15) days of service of a written objection to the designation, the objecting party may, pursuant to the requirements set out in Rule 37 of the Federal Rules of Civil Procedure, file a motion with the Court regarding the dispute.  Alternatively, the party that designated the information may file a motion for a protective order within fifteen (15) days after the parties' informal attempts at resolution have concluded.  Any Confidential Information, the designation of which is subject to such dispute, shall be treated as Confidential Information unless and until further order of the Court. The person asserting the confidentiality of any such Confidential Information shall bear the burden of establishing that the Confidential Information is entitled to be classified as designated.

18.     Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the above-captioned matter.  This Protective Order is without prejudice to the

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

AMENDED STIPULATION AND
PROTECTIVE ORDER

\\LA - 039936/000005 - 1059288 v1

1  right of any party to bring before the Court at any time the question of whether any

2  particular information is or is not discoverable or admissible.

3      19.    Nothing in this Protective Order shall bar or otherwise restrict any

4  attorney from advising his or her clients with respect to the above-captioned matter

5  and in the course thereof, referring to or relying upon the attorney's examination of

6  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information so long as the

7  attorney does not disclose "HIGHLY CONFIDENTIAL" information or its

8  contents in the course of such advice – except as and to the extent permitted by this

9  Protective Order.

10      20.    The inadvertent or mistaken disclosure by a disclosing party of

11  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information that is

12  unmarked or incorrectly designated shall not constitute a waiver of any claim of

13  confidentiality where:  (a) the disclosing party notifies a receiving party in writing

14  of such inadvertent or mistaken disclosure within ten (10) business days of

15  becoming aware of such disclosure, and (b) within thirty (30) days of such notice,

16  the disclosing party provides properly re-designated documents to the receiving

17  party.  During the thirty (30)-day period after notice, the materials shall be treated

18  as designated in the disclosing party's notice.  Upon receipt of properly re-

19  designated documents, the receiving party shall return all unmarked or incorrectly

20  designated documents and other materials to the disclosing party within five (5)

21  business days, including any copies thereof.  The receiving party shall not retain

22  originals or copies of unmarked or incorrectly designated materials and shall treat

23  information contained in said documents and materials and any summaries or notes

24  thereof as appropriately marked pursuant to the disclosing party's notice.  All such

25  unmarked or incorrectly designated information that is maintained or reflected in

26  computer databases, backup tapes, or any other electronic form shall be erased by

27  the receiving party in a manner that renders the information irretrievable by the

28  receiving party and any other person or entity.

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

AMENDED STIPULATION AND
PROTECTIVE ORDER

\\LA - 039936/000005 - 1059288 v1

21.   Should any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized to receive it under this Protective Order, then the receiving party shall:

(a)   use its best efforts to obtain the return of any such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, and to bind such person or party to the terms of this Protective Order;

(b)   immediately upon the discovery of such disclosure, but no later than one (1) day therefrom, inform such person who received such information of all provisions of this Protective Order and identify such person or party to the disclosing party; and

(c)   request that such person or party sign the Certification attached hereto as Exhibit A.  The executed Certification shall be served upon counsel for the disclosing party within ten (10) business days of its execution by the party to whom the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information was inadvertently disclosed.  Nothing in this Paragraph is intended to limit the remedies that the disclosing party may pursue for breach of this Protective Order.

22.   Federal Rule of Evidence 502 applies to this Protective Order.  The inadvertent or erroneous disclosure and/or production of documents claimed to be subject to either the attorney-client privilege or work product doctrine does not waive the applicability of such privilege or doctrine, either generally or relative to the inadvertently or erroneously disclosed and/or produced documents.  If any such documents are inadvertently or erroneously disclosed to the receiving party by the producing party, and the requirements of Federal Rule of Evidence 502(b) have been satisfied, the producing party may request that the receiving party return such documents to the producing party, and the receiving party must immediately comply by, to the extent reasonably practicable and consistent with the technology used by the producing party to produce the documents, returning such documents

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

- 13 -

AMENDED STIPULATION AND
PROTECTIVE ORDER

\\LA - 039936/000005 - 1059288 v1

1  and destroying any copies, notes or memoranda concerning the privileged

2  information.  If, however, the receiving party disagrees with the claim that the

3  documents were inadvertently or erroneously produced, with the claim of privilege

4  or work-product protection, or with the claim that otherwise privileged or work-

5  product documents are entitled to privilege or protection, as to each allegedly

6  inadvertently or erroneously disclosed and/or produced document, the receiving

7  party may object to the return of the document by giving written notice to the party

8  claiming the privilege and inadvertent production.  The written notice shall identify

9  the document to which the objection is made.  If the parties cannot resolve the

10  objection within ten (10) business days after the time the notice is received, it shall

11  be the obligation of the party claiming the privilege, protection or inadvertent /

12  erroneous production to file an appropriate motion requesting that the Court

13  determine the validity of the privilege, protection or inadvertent / erroneous

14  production claim within five (5) court days after the expiration of the ten (10) day

15  meet and confer period.  If the party claiming the privilege, protection or

16  inadvertent / erroneous production fails to file such a motion within the prescribed

17  time, the receiving party may retain the disputed document, which shall not

18  thereafter be treated as privileged or protected.  In connection with a motion filed

19  under this provision, the party claiming the privilege, protection or inadvertent /

20  erroneous production shall bear the burden of establishing that good cause exists for

21  the disputed document to be treated as privileged or protected and inadvertently or

22  erroneously produced.  The parties agree that steps taken by a producing party to

23  prevent any inadvertent or erroneous disclosure shall not be grounds to claim that

24  such disclosure creates a waiver of privilege.  The parties further agree that any

25  delay in the discovery of inadvertently or erroneously disclosed privileged

26  information by the producing party shall not be grounds to claim that the privilege

27  is waived.  The disputed document shall be treated as privileged or protected and

28  inadvertently or erroneously produced until either the Court rules on the motion

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

AMENDED STIPULATION AND
PROTECTIVE ORDER

\\LA - 039936/000005 - 1059288 v1

1  filed under this provision, or the time for filing such a motion has expired.  The

2  parties acknowledge that issues of privilege may also arise under foreign law and/or

3  may be litigated in the foreign proceedings.  Nothing in this agreement is intended

4  to affect any party's right to claim privilege or work product protection in the

5  foreign proceedings, or any counter argument or argument of waiver in respect of

6  any such claim.

7      23.    If, in connection with the above-captioned matter, a party discloses

8  information subject to a claim of attorney-client privilege or attorney work product

9  protection ("'Disclosed Protected Information"), the disclosure of the Disclosed

10  Protected Information shall not constitute or be deemed a waiver or forfeiture of

11  any claim of privilege or work product protection that the disclosing party would

12  otherwise be entitled to assert with respect to the Disclosed Protected Information

13  and its subject matter.  A disclosing party may assert in writing attorney-client

14  privilege or work product protection with respect to Disclosed Protected

15  Information.  The receiving party shall, within five business days of receipt of that

16  writing, return or destroy all copies of the Disclosed Protected Information and

17  provide a certification of counsel that all such Disclosed Protected Information has

18  been returned or destroyed.  Within five business days of the notification that such

19  Disclosed Protected Information has been returned or destroyed, the disclosing

20  party shall produce a privilege log with respect to the Disclosed Protected

21  Information.  The receiving party then may move the Court for an Order

22  compelling production of the Disclosed Protected Information (a "Privilege

23  Motion") and shall not assert as a ground for entering such an Order the fact or

24  circumstances of the inadvertent production.  The moving party, however, shall first

25  request, pursuant to Local Rule 141, the Court to order that the Privilege Motion be

26  filed under seal.  The disclosing party retains the burden of establishing privileged

27  or protected nature of any Disclosed Protected Information.  Nothing in this

28  paragraph shall limit the right of any party to petition the Court for an in camera

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 15 -

\\LA - 039936/000005 - 1059288 v1

AMENDED STIPULATION AND
PROTECTIVE ORDER

1  review of the Disclosed Protected Information.  If, at trial, at a hearing, at a

2  deposition or on a motion, a disclosing party marks for identification or offers into

3  evidence Disclosed Protected Information — or proffers or elicits testimonial or

4  other evidence that incorporates or relies on Disclosed Protected Information,

5  including evidence within Federal Rule of Evidence 703 — that act shall be deemed

6  to effect a waiver and forfeiture by the disclosing party of attorney-client privilege

7  and work product protection that would otherwise apply to undisclosed information

8  concerning the same subject matter, within Federal Rule of Evidence 502(a).  The

9  preceding sentence shall not apply to (i) proceedings to determine whether the

10  Disclosed Protected Information is privileged or protected or subject to discovery or

11  disclosure, or (ii) Disclosed Protected Information that is marked for identification,

12  offered into evidence or incorporated in evidence proffered or elicited by an

13  adverse party, or relied on by a witness proffered by an adverse party.  The parties

14  expressly agree, in order to save the significant expense and burden of pre-

15  production privilege review, that a party may produce its information, including

16  without limitation hard copy and electronic documents and electronic data without

17  first reviewing such materials for work product or attorney client privilege and that

18  such a production will not in any manner constitute a waiver of privilege or work

19  product protections.

20       24.   A disclosing person or entity who is not a party in the above-captioned

21  matter may invoke and take advantage of and thereupon shall be entitled to the

22  protections afforded herein by signing a copy of this Protective Order and serving

23  same on all counsel of record.  Thereafter, a disclosing person or entity may

24  designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" testimony,

25  information, documents or things that such disclosing person or entity has produced

26  or provided in the above-captioned matter.  Any non-party electing to invoke and

27  take advantage of the provisions of this Protective Order by doing so irrevocably

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 16 -

AMENDED STIPULATION AND
PROTECTIVE ORDER

\\LA - 039936/000005 - 1059288 v1

1   consents to the personal jurisdiction of this Court to exclusively adjudicate any

2   dispute arising under or in connection with this Protective Order.

3        25.     The parties agree that after final termination of this action, including

4   the resolution of all appellate proceedings, outside counsel for each named party

5   may each retain one copy of deposition transcripts and exhibits, court transcripts

6   and exhibits, and documents and other materials submitted to the Court.  Such

7   materials shall continue to be treated as designated under this Protective Order.

8   Nothing herein shall require the return or destruction of attorney work product.

9        26.     The parties agree that within sixty (60) days after the final termination

10  of the above-captioned matter, each party that has received, and counsel for all

11  parties (including their paralegals, assistants, and stenographic and clerical

12  employees) who have received, and experts and consultants, potential or actual, for

13  all parties who have received "CONFIDENTIAL" or "HIGHLY

14  CONFIDENTIAL" information shall either (a) return all "CONFIDENTIAL" or

15  "HIGHLY CONFIDENTIAL" information in his/her possession, custody or control

16  or in the custody of any authorized agents, outside experts and consultants retained

17  or utilized by counsel for the receiving party to counsel for the party who has

18  provided such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information;

19  or (b) certify destruction thereof to the disclosing party's counsel.  All

20  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information maintained in or

21  reflected in computer databases, backup tapes, or any other electronic form shall be

22  erased by the receiving party in a manner that renders all such information

23  irretrievable by the receiving party and any other person or entity.

24       27.     The Court and its personnel are not obligated to destroy or return

25  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, or other

26  information or documents that are filed under seal.  Further, the Court and its

27  personnel are not obligated to destroy or return materials subject to the attorney-

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -                           AMENDED STIPULATION AND
                                PROTECTIVE ORDER

\\LA - 039936/000005 - 1059288 v1

1    client privilege and/or work product protection filed under seal.  Court personnel

2    who receive such information are not required to sign this Protective Order.

3           28.    Nothing in this Protective Order shall allow non-testifying experts and

4    consultants to be deposed or otherwise be the subject of discovery other than as

5    provided under the Federal Rules of Civil Procedure.

6           29.    Nothing in this Protective Order shall prevent any party from applying

7    to the Court for relief therefrom, or from applying to the Court for further or

8    additional protective orders or for a modification of this Protective Order.

9           30.    The prevailing party in any action arising out of an alleged violation of

10   the terms of this Protective Order may seek attorneys' fees and costs incurred in

11   connection with such action.

12                              **STIPULATION**

13          IT IS HEREBY STIPULATED by and among the parties, through their

14   respective counsel, this Honorable Court consenting, that the foregoing Amended

15   Stipulated Protective Order may be entered in this action.

16

17                                      HOGAN LOVELLS US LLP

18   Dated:  August 8, 2013

19

20                                      By: /s/ Dean Hansell
                                        _____
21                                         Dean Hansell
                                           Asheley Dean
22                                         Rachel Patta
                                           Attorneys for Defendant
23                                         PVH CORPORATION

24

25   /////

26   /////

27   /////

28   /////

- 18 -

AMENDED STIPULATION AND
PROTECTIVE ORDER

\\LA - 039936/000005 - 1059288 v1

Dated:  August 8, 2013                     AEQUITAS LAW GROUP, APLC


                                           By: /s/ Ronald H. Bae (with authorization)
                                               Ronald H. Bae
                                               Autumn E. Love
                                               Attorneys for Plaintiff
                                               JODI SCOTT-GEORGE

**IT IS SO ORDERED.**

**Dated:  August 9, 2013**


_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE


Ddad1\orders.civil\george0441.stip.prot.ord.docx

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

- 19 -

AMENDED STIPULATION AND
PROTECTIVE ORDER

\\LA - 039936/000005 - 1059288 v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

\\LA - 039936/000005 - 1059288 v1

- 20 -

AMENDED STIPULATION AND
PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

\\LA - 039936/000005 - 1059288 v1

- 21 -

AMENDED STIPULATION AND
PROTECTIVE ORDER

HOGAN LOVELLS US LLP
Dean Hansell (Bar No. 93831)
Asheley G. Dean (Bar No. 245504)
Rachel Patta (Bar No. 273968)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
dean.hansell@hoganlovells.com
asheley.dean@hoganlovells.com
rachel.patta@hoganlovells.com

Attorneys for Defendant
PVH Corporation

AEQUITAS LAW GROUP
Ronald H. Bae (Bar No. 186826)
Joseph Cho (Bar No. 198844)
Autumn E. Love (Bar No. 274209)
500 S. Grand Avenue, Suite 1310
Los Angeles, California 90071
Telephone: (213) 223-7144
Facsimile: (213) 223-7098
rbae@aequitaslawgroup.com
jcho@aequitaslawgroup.com
alove@aequitaslawgroup.com

Attorneys for Plaintiff Jodi Scott-George

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| Jodi Scott-George, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff, | Case No. 2:13-cv-0441-TLN-DAD<br><br>**ACKNOWLEDGEMENT OF AMENDED STIPULATED PROTECTIVE ORDER** |

v.

PVH Corporation, et al., a Delaware
Corporation,

             Defendant.

     By my signature, I hereby acknowledge that I have read the Amended Stipulated Protective Order, dated _____, 2013 (the "Protective Order") entered in Jodi Scott-George, individually and on behalf of other members of the general public similarly situated v. PVH Corporation pending in the United States District Court for the Eastern District of California and hereby agree to abide by the obligations and terms thereof.  I further agree that to the extent that my employees are provided with "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Designated Materials, I will instruct such employees regarding the terms of the Protective Order.  I further agree to subject myself to the jurisdiction of the United States District Court for the Eastern District of California with respect to all matters relating to compliance with the Protective Order.

Dated: _____      _____
                                      (Signature)

                                 _____
                                      (Print Name)

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

\\LA - 039936/000005 - 1059288 v1

- 23 -

AMENDED STIPULATION AND
PROTECTIVE ORDER