UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODI SCOTT-GEORGE, individually and on behalf of other members of the general public similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PVH CORP., a Delaware corporation, and DOES 1 through 50 inclusive,<br><br>Defendant. | No. 2:13–cv–00441-TLN-AC<br><br>**ORDER DENYING MOTION TO RECONSIDER** |

This matter is before the Court pursuant to Defendant PVH Corp.'s (hereafter, "Defendant") Motion to Reconsider this Court's November 20, 2015, Class Certification Order. (Def.'s Mot. to Recon., ECF No. 121.) Plaintiffs Jodi Scott-George and Melissa Wiggs on behalf of the certified class (hereafter, "Plaintiffs") have filed an Opposition (Pl.s' Opp'n., ECF No. 122), to which Defendant has filed a Reply (Def.'s Rep., ECF No. 123). The Court has carefully considered the arguments raised by the parties' briefing. For the reasons set forth below, Defendant's Motion to Reconsider is DENIED.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Defendant's basis for its Motion for Reconsideration involves other recent class action settlements that may overlap with the instant class action. As such, the Court provides background information as to the related class actions below.

1

A. *Chavez* Class Action Settlement

In March of 2013, Plaintiff Jesse Chavez represented a class action against PVH Corp. (the same Defendant in the instant case) in the United States District Court for the Northern District of California. *See Chavez*, No. 5:15–CV–01797. The *Chavez* action alleged, among other things, that PVH Corp. failed to pay all wages under Labor Code Section 212 due to its payment of wages via paycards ("Paycard Claim") and to provide complaint wage statements under Labor Code Section 226(a) ("Wage Statement Claim"). (ECF No. 121 at 2.) *Chavez* settled on January 21, 2015. The Settlement Agreement stated that those who failed to opt out would release "all claims, rights, demands, liabilities, and causes of action, whether in law or equity, arising from, or related to the facts occurring during the Settlement Class Period." (ECF No. 122-1 at 15.) This settlement agreement defined the Settlement Class as "all current and former employees who worked for Defendant in California during any portion of the period from March 20, 2009 through July 17, 2014." (ECF No. 122-1 at 11.) A declaration by the class administrator for *Chavez* stated that five people opted out of the settlement, including the two Named Plaintiffs in this case as well as those in the *Lapan* case.[1]

B. *Lapan* Class Action Settlement

In July of 2014, Plaintiff Jeffrey Lapan represented a class action against PVH Corp. in the United States District Court for the Northern District of California. *See Lapan,* No. 5:13–CV–05006. The *Lapan* case specifically addressed PVH Corp.'s alleged noncompliant use of paycards and settled on December 18, 2015. (ECF No. 122 at 3.) Similar to the *Chavez* agreement, the *Lapan* agreement stated that those who failed to opt out released "all claims, rights, demands, liabilities, and causes of action, whether in law or equity, arising from, or related to the facts occurring during the Class Period." (ECF No. 122-1 at 82.) The settlement agreement stated that the California Settlement Class included all "current and former employees who worked for Defendant in California from July 17, 2014, through the date of preliminary approval [August 7, 2015]… and who affirmatively opted out of the settlement in *Chavez v. PVH*

---

[1] As stated in the Declaration of Cory Lefebvre, the class administrator for both the *Chavez* and *Lapan* cases, those who opted out of *Chavez* are as follows: Ashwin Chandra, Ebert J. Lapan, Gemmalin Lorcha, Jodi Scott-George, and Melissa Wiggs. (ECF No. 121-3 at 2.)

2

*Corp.*" (ECF No. 122-1 at 76.)  A declaration by the class administrator for *Lapan* stated that eight people opted out of the settlement, including only one from the California Class, and did not include the named plaintiffs in this case.[2]

### C. *Scott-George* Class Action (The Instant Class Action)

In January of 2013, Plaintiff Jodi Scott-George filed the initial complaint in this action against PVH Corp. for violations of various provisions of the California Labor Code.  Plaintiff Class Members are retail store nonexempt employees of Defendant, an international clothing retailer.  At issue is the certification of Subclass IV ("Paycard Subclass") and Subclass VIII ("Wage Statement Subclass").  Defendant seeks to decertify the following classes:

> (4) Paycard Subclass: All nonexempt employees who received their earned wages via the Money Network paycard system while working for Defendant in California from March 20, 2009 to the present, and
>
> (8) Wage Statement Subclass: All nonexempt employees who received non-compliant wage statements while working for Defendant in California from March 20, 2009 to the present.

(Mem. of P&A in Supp't of Mot. for Class Cert., ECF No. 55-1 at 1.)  Plaintiff Jodi Scott-George is the Class Representative for subclass (1), (2), (5), (6) and (7).  Plaintiff Melissa Wiggs is the Class Representative for the subclass (3), (4) and (8).  The classes currently encompass all nonexempt employees of PVH Corporation (which owns Van Heusen; and owned but sold G. H. Bass).  (ECF No. 55-1 at 2.)

## II.     STANDARDS OF LAW

### A. Motion for Reconsideration

A court should be loath to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988).  "A court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir. 1993).

---

[2]  The only person within the California Class who opted out of the *Lapan* settlement was Gabriela Tafoya. (ECF No. 121-3 at 3.)

However, Rule 59(e) permits a district court to reconsider and amend a previous order. "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enter., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)). Therefore, a district court should not grant a motion for reconsideration "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F .3d 656. 665 (9th Cir. 1999) (citing *School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993)). Disagreement with a district court's ruling on a motion for summary judgment will not support a motion to alter or amend the judgment. *See United States ex rel. Becker v. Westinghouse Savannah River Co.,* 305 F.3d 284, 290 (4th Cir. 2002).

"There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an "intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations omitted). Moreover, Local Rule 230(j) requires a party filing a motion for reconsideration to show that "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions for relief from judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district court. *Exp.Grp. v. Reef Indus., Inc.,* 54 F.3d 1466, 1469 (9th Cir. 1995).

### B. <u>Class Certification</u>

Before certifying a class, the trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Rule 23. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Telephone Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). "While the trial court has broad discretion to certify a class, its discretion must be exercised within the framework of Rule 23." *Zinser v. Accufix Research Inst., Inc.*, 253

F.3d 1180, 1186, *amended by* 273 F.3d 1266 (9th Cir. 2001) (citing *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1309 (9th Cir. 1977)).  A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Federal Rule of Civil Procedure 23(a) have been met and that at least one of the requirements of Rule 23(b) have been met.  Fed. R. Civ. P. 23; *see also Wal-Mart Stores, Inc.*, 131 S. Ct. at 2548–49 (stating that class certification is governed by Federal Rule of Civil Procedure 23 and that (a) and (b) must be demonstrated by the party seeking certification).

Rule 23(a) states that one or more members of a class may sue or be sued as representative parties on behalf of all only if:

> (1) the class is so numerous that joinder of all members is impracticable [the "numerosity" requirement]; (2) there are questions of law or fact common to the class [the "commonality" requirement]; (3) the claims or defenses of representative parties are typical of the claims or defenses of the class [the "typicality" requirement]; and (4) the representative parties will fairly and adequately protect the interests of the class [the "adequacy of representation" requirement].

Fed. R. Civ. P. 23(a).  In addition, Rule 23(b) requires a plaintiff to establish one of the following: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication.  *See* Fed. R. Civ. P. 23(b).  The court has broad discretion to certify a class, and district courts are accorded "noticeably more deference" when they grant certification versus when they deny certification.  *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1171 (9th Cir. 2010).

**III.   ANALYSIS**

Defendant argues that the *Chavez* and *Lapan* cases have effectively mooted the litigation of Plaintiffs' paycard and wage settlement subclasses.  The Court first addresses Subclass IV, the "Paycard Subclass," regarding the relevant class period and class members in the wake of the

*Chavez* and *Lapan* settlements as well as the standing of the Named Plaintiffs as it applies to the subclass. The Court then addresses the same issues as they apply to Subclass VIII, the "wage statements" class.

### A. Subclass IV "Paycard Subclass"

#### i. Overlap of Classes

Defendant argues that the *Chavez* and *Lapan* settlements have resolved the issues pertaining to the alleged paycard violations, and thus Subclass IV should be decertified to avoid Plaintiffs recovering double damages. (*See generally* ECF No. 121.) In response, Plaintiffs argue that the *Chavez* and *Lapan* cases only covered the dates up to the end of the *Lapan* litigation, and therefore class members in the instant case may recover from the time subsequent to *Lapan*. (ECF No. 122 at 2.) As the Court understands it, the Class Period covered in *Chavez* for paycard violations was March 20, 2009 to July 17, 2014. The Class Period for the subsequent *Lapan* litigation was July 17, 2014 to August 7, 2015. In contrast the instant Subclass Period is from March 20, 2009 to the present.

Following the Plaintiffs' assertions, members of Subclass IV who are part of the *Chavez* or *Lapan* settlements, may still recover from paycard violations occurring from August 7, 2015 (the end of the *Lapan* class period) to the commencement of this Subclass in March 2016. The Court agrees with the Plaintiffs. Thus, Subclass IV will remain certified, with the clarification that those who chose not to opt out of *Chavez* and/or *Lapan* will be barred from recovering *for the dates covered in those respective class settlement periods*. All members may still be eligible to recover for alleged paycard violations between August 7, 2015, and the filing of this litigation in March 2016.

#### ii. Named Plaintiff Standing

Defendant argues that because the Named Plaintiffs in this action did not opt out of the *Lapan* litigation, they have lost standing to bring their paycard claims. (ECF No. 121 at 9.) Defendant maintains that because Plaintiffs have released their paycard claims, they cannot represent Subclass IV, and thus the subclass must be decertified. *Id.*

6

1           In a class action, standing is satisfied if at least one named plaintiff meets the
2    requirements. *See Armstrong v. Davis,* 275 F.3d 849, 860 (9th Cir. 2001). The plaintiff class
3    bears the burden of showing that the Article III standing requirements are met. *See id.* at 860–61.
4    Standing requires that "(1) the plaintiff suffered an injury in fact, i.e., one that is sufficiently
5    'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical,' (2) the
6    injury is 'fairly traceable' to the challenged conduct, and (3) the injury is 'likely' to be 'redressed
7    by a favorable decision.'" *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007)
8    (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)). Standing must be shown
9    with respect to each form of relief sought, whether it be injunctive relief, damages or civil
10   penalties. *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.,* 528 U.S. 167, 185
11   (2000).
12          The Ninth Circuit has stated that once a class has been certified, the members may remain
13   within the class, even if the named plaintiff loses standing. *See Bates v. United Parcel Serv., Inc.*,
14   511 F.3d 974, 986 (9th Cir. 2007) ("Even if [the named plaintiff's] claim is either not redressable
15   or is moot… the remaining class members are not foreclosed from attaining relief since the class
16   was long ago duly certified.").
17          The United States Supreme Court has also addressed this issue, stating that once a class
18   action has been certified, "the class of unnamed persons described in the certification acquire[s] a
19   legal status separate from the representative." *Sosna v. Iowa,* 419 U.S. 393, 399 (1975). The
20   Court clarified this in a later case, stating that "the claims of the class members would not need to
21   be mooted or destroyed because subsequent events or the proof at trial had undermined the named
22   plaintiffs' individual claims." *E. Texas Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395, 406
23   n. 12 (1977) (noting that it would be error for a district court to dismiss class allegations where it
24   had already certified a class and "only later had it appeared that the named plaintiffs were not
25   class members or were otherwise inappropriate class representatives.").
26          It is not disputed that Plaintiffs Jodi Scott-George and Melissa Wiggs had standing at the
27   time of certification as neither the *Chavez* nor *Lapan* cases had been settled at that time. It is also
28   not disputed that while both Named Plaintiffs opted out of the *Chavez* litigation, neither opted out

of the *Lapan* litigation. (ECF No. 121-3 at 2–3.) Based on both US Supreme Court and Ninth Circuit precedent, this Court finds that, in the event Plaintiffs Wiggs and Scott-George released their paycard claims in *Lapan*, Subclass IV will remain a proper subclass since it was already certified.

### B. Subclass VIII "Wage Statement Subclass"

Similar to the claim above, Defendant claims that Subclass VIII may not recover for any alleged violations of wage statements since that issue was already litigated in the *Chavez* settlement. (ECF No. 122.) Since *Lapan* only litigated the paycard claim and did not litigate the issue of wage statement violations, that time period is irrelevant to Subclass VIII.

Following the same reasoning as the paycard subclass, Defendant's Motion to Reconsider certification of Subclass VIII is denied. As previously addressed, the *Chavez* settlement applied to class members who worked for Defendant from March 20, 2009 to July 17, 2014. Thus, in an effort to eliminate double recovery of damages, any Subclass VIII members who did not opt out of *Chavez* would be precluded from recovering on wage statement claims in the instant case from March 20, 2009 to July 17, 2014. Since violations occurring after July 17, 2014 were not included in the *Chavez* Settlement Class, all Subclass VIII members would still be eligible to recover for alleged wage statement violations in the instant case from July 17, 2014, to the filing of this litigation in March 2016.

**IV.   CONCLUSION**

For the foregoing reasons, the Defendant's Motion to Reconsider (ECF No. 121) is DENIED.

IT IS SO ORDERED.

Dated: July 27, 2016

Troy L. Nunley
United States District Judge