UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.F., | No. 2:15-cv-0849 JAM CKD |
| Plaintiff, | |
| v. | ORDER |
| CENTER JOINT UNIFIED SCHOOL DISTRICT, et al., | |
| Defendant. | |

An informal discovery conference was held before the undersigned on October 5, 2016. Daniel Shaw appeared telephonically for plaintiff. James Anwyl and Lynn Garcia appeared for defendant. Upon review of the joint letter brief and discussion with counsel, and good cause appearing, THE COURT FINDS AND ORDERS AS FOLLOWS:

The parties entered into a stipulation on April 4, 2016 that all discovery taken in a related state court case could also be used in the instant federal court action. After plaintiff's disclosure of Dr. Baladarian as a retained expert, defendant timely noticed the deposition of Dr. Baladarian for September 30, 2016, a date well within the federal discovery cut-off of October 4, 2016. Plaintiff objected to the deposition notice and also advised defense counsel that Dr. Baladarian was not available for deposition until November 17, 2016. Plaintiff thereafter obtained alternative dates of Dr. Baladarian's availability for deposition of October 21, November 3, and

1  November 4, 2016, all of which were after the discovery cut-off.  The parties have presently
2  agreed that Dr. Baladarian will be deposed on November 3, 2016 and the court confirms that the
3  deposition will proceed forward on that date.
4      Plaintiff, however, contends that she has the right to contest the admissibility of the
5  deposition in the federal action on the basis that the deposition was conducted after the discovery
6  cut-off.  The undersigned declines to rule on the admissibility of the deposition, as that matter is
7  properly before the District Court.[1]
8  Dated:  October 6, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

11  4 mf-center849.idc

---

[1] The court notes, however, that plaintiff's position is tenuous, at best, in light of the prior stipulation of the parties and the unavailability of plaintiff's retained expert for deposition prior to the discovery cut-off.