UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JODI SCOTT-GEORGE, MELISSA WIGGS, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PVH CORP., a Delaware corporation, and PVH RETAIL STORES LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.  2:13-cv-441-TLN-DB<br><br>[Assigned to the Hon. Troy L. Nunley]<br><br>**STIPULATED CONFIDENTIALITY AND COOPERATION AGREEMENT AND PROTECTIVE ORDER** |

# **PROTECTIVE ORDER**

1. <u>Good Cause Statement.</u> The Parties to this litigation and the Settlement Agreement acknowledge that information which constitutes trade secrets, confidential, personal,  proprietary, or other information of a sensitive nature that is not generally known or readily accessible to the public has been produced or exchanged in this litigation.  The Parties also acknowledge that certain information necessary to defend the Final Order and Judgment in this case may be

of similar trade secret, confidential, personal, proprietary, or sensitive nature and not generally known to the public.  In recognition of the Parties' and third parties' respective confidentiality rights, the Parties agreed in Section VII of their Settlement Agreement to enter a protective order to govern the return and destruction of certain information and to describe the Parties' rights and obligations relating to defense of the Settlement Agreement.  The Confidentiality and Defense of Settlement provisions (Section VII) of the Settlement Agreement are material terms of the settlement between the Parties.  Accordingly, the Parties respectfully submit to the Court that there is good cause for the Court to enter a protective order pursuant to Federal Rule of Civil Procedure 26(c) and L.R. 141.1.

2. <u>Defense of Settlement Agreement</u>.  After the Settlement Agreement receives final approval from this Court, the Plaintiffs and their counsel agree to assist and cooperate with Defendants in defending the Settlement Agreement and the validity and effectiveness of the Court's order granting final approval in the event that a collateral attack is raised in any fashion whatsoever at any time during the three-year period following entry of the Final Order and Judgment.  Such assistance and cooperation shall include, but not be limited to, the Plaintiffs' and their counsel's voluntary appearance (if requested by Defendants) in any action or proceeding for the purpose of participating in the defense of any litigation brought against Defendants by any Class Member (as that term is defined in the Settlement Agreement) or any other person, challenging the validity of the Settlement, any of its terms, the Court's authority to adjudicate the rights of the Class Members, or any other collateral attempt to nullify or limit the effect of the settlement embodied in the Settlement Agreement.  Defendants reserve the right to direct and control the defense and to determine the extent of the assistance and cooperation they will require from the Plaintiffs and their counsel.  Plaintiffs' counsel's role in participating in the defense of any challenges to the validity of the Settlement Agreement or its terms may be limited, given Plaintiffs and Plaintiffs' counsel's

obligations under Paragraph 7 of this Protective Order.  Plaintiffs and their counsel shall not be entitled to any additional compensation from Defendants for the assistance and cooperation they provide.

3. <u>Sharing of Common Interest Materials</u>.  In connection with the defense of the Settlement Agreement, or any proceeding(s) or litigation arising therefrom, the Parties and their counsel shall cooperate with each other by, among other things, sharing and exchanging Common Interest Materials to the extent appropriate or useful to their joint defense of the efficacy of the Settlement Agreement.  Each Party shall have the right in its sole discretion to determine what Common Interest Material it will share, and under what circumstances it will do so.  Common Interest Material shared by a Party shall be without any representation or warranty by such Party as to the accuracy, validity, legality, or completeness of such information in any respect, and such sharing shall not give rise to any claim or cause of action by any Party against any other Party, or against any party whether or not a party to the Agreement that prepared such Common Interest Materials, and all such claims and causes of action are hereby expressly waived.  The Parties and their counsel shall cooperate and exchange information in such a manner as to preserve, to the extent permitted by law, their respective rights under the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the joint defense doctrine, or any other applicable privileges, doctrines, or protections.

4. <u>Applicability of Privileges</u>.  All Common Interest Materials are intended to be protected from disclosure to adverse or other parties as a result of the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the joint defense doctrine or other applicable privileges or protections. It is the desire, intention, and mutual understanding of the Parties that:

(a) The sharing of Common Interest Materials between or among them (including any counsel, directors, officers, partners, trustees, employees, agents, representatives, consultants, accountants, financial advisors, experts, and

other professional advisors of the Parties, or their respective affiliates (collectively, "Representatives")) is not intended to, and shall not, waive or diminish in any way the confidentiality of such materials or their continued protection under applicable privileges, doctrines, or protections.

(b)  All Common Interest Materials provided by a Party (including through any of its Representatives) pursuant to this Protective Order shall remain entitled to such protection under the common interest privilege, joint defense doctrine or any other applicable privileges, doctrines or protections regardless whether such material is marked or identified as such.

(c)  Any disclosure of Common Interest Materials to any other Parties or any Representatives pursuant to this Protective Order will not constitute a waiver of any available privilege, doctrine or protection.

1.  <u>Confidentiality</u>.  No Party or her/its counsel shall disclose any Common Interest Materials or use any such material except for agreed common purposes, except (a) with the prior written consent of the Party disclosing such material; (b) as otherwise provided in this Protective Order; or (c) as required by law or court order.  No oral or written communications received from a Party pursuant to this Protective Order will be disclosed to anyone not a party to the agreement absent the consent of the transmitting Party or a court order made after notice and an opportunity to be heard on behalf of the affected Party.  If a Party is requested, noticed, compelled or ordered to disclose another Party's Common Interest Materials, the Party to which the order or directive was directed shall promptly notify counsel for the other Parties of such directive and the other Parties shall be permitted all reasonable opportunities under the circumstances to protect their privileges, confidences, and interests at their own cost and expense, and to take all steps they deem reasonably necessary or appropriate under the circumstances to permit the assertion of all applicable rights, privileges, doctrines, and protections with regard to the Common Interest Materials in the appropriate

forums. All Parties shall cooperate in a commercially reasonable manner in such efforts. Any Common Interest Materials, and the information contained therein, are to be used by each person or Party receiving them solely in connection with defending the Settlement Agreement, and for no other purpose.

5. <u>Continuing Confidentiality Obligation</u>: The confidentiality obligations of the Parties and their counsel under this Protective Order shall survive the termination of this Protective Order and shall remain in full force and effect even if the interests of the Parties subsequently cease to be common or become adverse, irrespective of any claim that the common interest or joint defense privileges may become prospectively ineffective or unavailable due to such claimed diversity of interests.

6. <u>Subpoena Responses, etc.</u> If any person or entity not a Party to the Agreement requests or demands access to Common Interest Materials provided pursuant to this Protective Order, by subpoena, document request or otherwise, a Party receiving the demand or subpoena shall promptly inform the other Parties' counsel and the Party who supplied any such materials (to the extent permitted by law, rule, and regulation and reasonably practicable). The Party that provided the Common Interest Materials shall be permitted all reasonable opportunities under the circumstances to protect its privileges and interests at its own cost and expense. The Party receiving the demand or subpoena shall take all steps reasonably necessary or appropriate under the circumstances to permit the assertion of all applicable rights, privileges, and doctrines with regard to said Common Interest Materials in the appropriate forums and shall cooperate in a commercially reasonable manner in any proceeding relating to the disclosure sought.

7. <u>Return and Destruction of Litigation Documents and Information</u>. The terms of this Protective Order shall apply to and govern the post-settlement treatment and handling by Plaintiffs and their counsel of all documents and information obtained in connection with, concerning, or otherwise relating to the

lawsuit and to Defendants. Such documents and information include but are not limited to formal and informal discovery and information learned in mediation and post-mediation settlement discussions.

    (a)    All such documents and information, whether stored electronically, in hard copy or in any other format or media, including discovery responses and exhibits, document productions, depositions transcripts and exhibits, pleadings and associated exhibits filed under seal, other discovery taken pursuant to the Federal Rules of Civil Procedure, documents and information disclosed in mediation or post-mediation settlement discussions, and all other information and documents obtained from Plaintiffs, employees of Defendants, or from any other person or entity shall be hereafter collectively referred to as "Litigation Information." However, Litigation Information shall not include materials that are publicly available, including pleadings filed with the Court that were not filed under seal.

    (b)    Neither Plaintiffs, their counsel, nor anyone acting on their behalf or at their direction shall use, rely upon, reproduce, communicate, disseminate, or distribute any Litigation Information for any business or legal purpose whatsoever, except to administer the Settlement Agreement, to defend its validity, or for its enforcement.

    (c)    If Plaintiffs or their counsel are compelled to testify about or disclose any Litigation Information pursuant to applicable law, rules, regulations, court orders, subpoenas or otherwise (each a "Requirement"), Plaintiffs' counsel shall promptly notify Defendants of any such Requirement or request or demand for such disclosure and shall cooperate with Defendants to obtain a protective order or other appropriate arrangement pursuant to which the confidentiality of the Litigation Information is preserved. Provided that Defendants makes a timely motion or other application for relief from the Requirement in the appropriate forum, the person or entity subject to the subpoena or other request shall not

produce or disclose the Litigation Information without Defendants' consent or until ordered to do so by a court of competent jurisdiction. If such an order or arrangement is not obtained, Plaintiffs or their counsel shall disclose only that portion of the Litigation Information as is required pursuant to such Requirement. Any such required disclosure shall not affect the status of the Litigation Information under the terms of this Protective Order.

(d) Within sixty (60) days of the Effective Date (as that term is defined in the Settlement Agreement), Plaintiffs and their counsel shall either: (a) return to Defendants all Litigation Information in their possession, custody, or control and certify in writing that all Litigation Information has been returned; or (b) certify in writing the destruction of all Litigation Information in their possession, custody, or control. Plaintiffs and their counsel shall erase or destroy all Litigation Information reflected in computer databases or backup tapes or any other electronic form in such a manner that all such Litigation Information is thereafter irretrievable by any person or entity. Should any Litigation Information be retained or preserved, through inadvertence or otherwise, for a period beyond that permitted in this section, the withholding party shall within three (3) business days of the discovery of the Litigation Information: (i) inform Defendants of the discovery; (ii) return or destroy all copies of the Litigation Information; and (iii) provide a supplemental certification of compliance with this Protective Order.

(e) Plaintiffs' counsel shall provide each person (other than current/former employees of Plaintiffs' counsel) to whom they previously disclosed Litigation Information or provided access to Litigation Information a copy of this Order, advise each such person of their obligation to comply with the terms of this Order, and secure the signature of each person on the appropriate Certification required herein. A copy of the Certification is attached hereto as Exhibit 1. Each such person agrees to subject himself/herself to the jurisdiction of this Court for the purposes of any proceedings relating to the performance under, compliance with, or

violation of this Order.  Plaintiffs' counsel agree to maintain a file of all executed Certifications required by this Order.

(f) Nothing in this Protective Order shall bar or otherwise restrict Plaintiffs' counsel from tendering advice to Plaintiffs, and in the course thereof, referring to or relying upon counsel's examination of Litigation Information, so long as counsel does not disclose Litigation Information.

8. Effective Date and Continuing Obligations.

(g) This Protective Order shall terminate three years from the date of its entry.  However, all Parties shall remain bound by sections 4, 5, 6, 7, 8 and 9 after termination. The Protective Order shall remain in effect and be binding upon successor counsel in accordance with its terms.  Nothing in this agreement shall be construed as requiring the Court to retain jurisdiction over enforcement of the protective order in violation of L. R. 141.1(f).

9. Certain Rights Reserved.  Nothing contained in this Protective Order shall serve to restrict any otherwise lawful activities conducted in the ordinary course of business by a Party, its employees or any other affiliates of such Party, either for its own account or for the accounts of its customers.

10. Miscellaneous.

(a) The Court and its personnel are not obligated to destroy or return Litigation Information.  Court personnel who receive such information are not required to sign the Certification attached as Exhibit 1.

(b) To the extent the terms of this Protective Order conflict with the terms of the Amended Protective Order entered by the Court on August 12, 2013, in the Lawsuit (Docket No. 32), the terms of this Protective Order shall control.

///
///
///
///

The Court, finding good cause, IT IS SO ORDERED.

Dated: February 13, 2017

_____
Troy L. Nunley
United States District Judge

# **Exhibit 1**

# **CERTIFICATION**

I hereby certify that I have read the attached Confidentiality and Cooperation Protective Order entered by the United States District Court for the Eastern District of California on _____, 2017, in the matter of *Jodi Scott-George, et al. v. PVH Corp.*, et al. Case No. 13-441-TLN-DB (the "Protective Order"), and I agree that I will comply with the restrictions and obligations set forth therein.

For the purpose of enforcing this Protective Order, and my obligations thereunder, I irrevocably consent to the jurisdiction of the United States District Court of the Eastern District of California, and understand that violation of the Protective Order by me may be treated as a violation of a court order.

Dated: _____, 201        _____
                                [Signature]

                                _____
                                [Print Name]

                                _____
                                [Employer]