UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| JODI SCOTT-GEORGE, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PVH CORPORATION, a Delaware corporation, PVH RETAIL STORES LLC, a Delaware limited liability company, and DOES 1 through 100, inclusive,<br><br>Defendants. | Number:   2:13-cv-00441-TLN-DB<br><br>**ORDER: (1) GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) GRANTING UNOPPOSED MOTION FOR AWARD OF CLASS REPRESENTATIVE SERVICE PAYMENTS, SETTLEMENT ADMINISTRATION EXPENSES AND ATTORNEYS' FEES AND COSTS; AND (3) ENTERING JUDGMENT OF DISMISSAL** |

Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Unopposed Motion for Award of Class Representative Service Payments, Settlement Administration Expenses and Attorneys' Fees and Costs came on for hearing before this Court on February 23, 2017, at 2:00 p.m., the Honorable Troy L. Nunley presiding.  The Court having

considered the Stipulation and Agreement to Settle Class Action ("Stipulation") and all exhibits thereto attached as Exhibit A to the Declaration of Ronald H. Bae submitted in support of Plaintiffs' Unopposed Motion for Final Approval, all papers and proceedings held herein, and all oral and written comments and objections received regarding the proposed settlement, and having reviewed the record in this action, and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. For purposes of this Order and Judgment of Dismissal, the Court adopts all defined terms as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including the Class Representatives, the Class Members, and Defendants.

3. The Court hereby grants the Unopposed Motion for Final Approval, approves the terms of the settlement outlined in the Stipulation, and finds that the settlement is, in all respects, fair, adequate and reasonable and in the best interests of the Class and each Class Member, based on the following factors:

   a. The strength of Plaintiffs' case in relation to the amount offered in settlement;
   b. The risk, expense, complexity, and likely duration of further litigation;
   c. The risk of maintaining class action status throughout the trial;
   d. The extent of discovery completed and the stage of the proceedings;
   e. The experience and views of counsel;
   f. The reaction of the class members to the proposed settlement; and
   g. The fact that the settlement was reached after extensive arm's length negotiation conducted in good faith by the parties with the assistance of an experienced mediator.

4. As previously found in the Court's Order Granting Preliminary Approval, the Class, for settlement purposes only, satisfies the requirements for a Rule 23 settlement class, and

is defined as follows:

> All current and former non-exempt employees who were employed in California by the PVH Entities between January 29, 2009 and October 6, 2016, but not including: (i) any and all persons who timely and properly request exclusion from the Class and (ii) any and all persons who, prior to the Court's preliminary approval of this Settlement, executed a release of wage and hour claims in favor of any Defendant, but only for time periods covered by such release.

5. The Court finds that distribution of the Notice to Class Members in the manner and form required has been completed in accordance with this Court's Order Granting Preliminary Approval and the terms of the Stipulation, constituted the best notice practicable under the circumstances, provided due and adequate notice of the proceedings and the matters herein, including the proposed settlement, to all persons entitled to such notice, and the Notice fully satisfied the requirements of due process, the Constitution of the United States of America, and Rules 23(d) and (e) of the Federal Rules of Civil Procedure.

6. No Class Members objected to the settlement, as of the last reporting by the Settlement Administrator on January 27, 2017.

7. Six class members timely and properly requested exclusion from the settlement and, accordingly, are not bound by the terms of the Stipulation. The Settlement Administrator has filed with the Court a list identifying the six Class Members who timely and properly excluded themselves from the settlement.

8. Upon entry of this Order of Final Approval and Judgment of Dismissal, and by operation of this Order of Final Approval and Judgment of Dismissal, the Released Class Wage Claims, as set forth in the Stipulation, of each Class Member against Defendants and the Defendant Releasees, are fully, finally and forever released, relinquished and discharged pursuant to the terms of Stipulation, and all Class Members shall be barred and permanently enjoined from participating in any other lawsuit against the Defendant Releasees, or any of them, concerning the claims settled and released in the Lawsuit.

9. The plan of distribution set forth in the Stipulation providing for distribution of the Maximum Gross Settlement Amount to the Class Members is approved as being fair, reasonable

-3-

and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Without further order of the Court, the parties may jointly agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

10. The Court hereby awards Class Counsel reasonable attorneys' fees in this matter in the amount of $975,000, as well as reasonable costs actually incurred during the litigation in the amount of $55,426.43, which shall be paid from, and not in addition to, the Maximum Gross Settlement Amount.

11. The Court hereby awards a service payment in the amount of $10,000 to each of the Class Representatives to compensate them for their services and execution of a general release which shall be paid from, and not in addition to, the Maximum Gross Settlement Amount.

12. The Court hereby approves the payment of claims and settlement administration costs in the amount of $63,096.15 to the Settlement Administrator, Rust Consulting, Inc., which shall be paid from, and not in addition to, the Maximum Gross Settlement Amount.

13. The Court hereby approves the payment of PAGA penalties in the total amount of $15,000.00 to the Labor Workforce Development Agency and to the Settlement Class in the amounts specified in the Stipulation, which shall be paid from, and not in addition to, the Maximum Gross Settlement Amount.

14. In full compliance with the requirements of 28 U.S.C. section 1715(b), Defendants provided notice of the settlement to (a) the Attorney General of the United States of America and (b) to the appropriate state office (as that term is defined in 28 U.S.C. section 1715(a)(2)) of every state in which a Class Member resides.  As further required under 28 U.S.C. section 1715(d), more than 90 days have elapsed since the service of such notices.  Neither the Attorney General of the United States nor any appropriate state official has served written objection to the settlement or appeared at the hearing to object to the settlement.

15. The Court hereby approves of the charities designated by the parties in the Settlement to receive the cy pres of unclaimed settlement payments, and authorizes Defendants to pay the cy pres to the designated charities.

16. The Court hereby directs the parties to effectuate the settlement according to the terms set forth in the Stipulation and this Order.

17. The Court hereby dismisses this Lawsuit with prejudice and without prevailing party costs.

18. Without affecting the finality of this Order and Judgment of Dismissal, the Court hereby retains continuing jurisdiction over the settlement fund, the settling parties, the Class Members and distribution of the settlement fund, and any other matters involving the implementation of the terms in the Stipulation.

19. If the settlement does not become final and effective in with the terms set forth in the Stipulation, then this Order Granting Final Approval and Judgment of Dismissal and all orders entered in connection herewith shall be rendered null and void and shall be vacated.

Dated: February 27, 2017

_____
Troy L. Nunley
United States District Judge